UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NORTHPORT HEALTH SERVICES
OF ARKANSAS, LLC and NORTHPORT
HEALTH SERVICES, INC.                                                    PLAINTIFFS

v.                              No. 2:20-CV-02027

THOMAS CHANCEY, as guardian of the
estate and person of Lucy Chancey, an
incapacitated person                                                       DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant's motion (Doc. 11) to dismiss on the basis of *forum non conveniens* and brief (Doc. 12) in support. Plaintiffs have filed a response (Doc. 14) in opposition. The motion will be granted.

Defendant moves to dismiss because the agreement at issue selected the State Courts of Arkansas as the sole venue for judicial resolution of disputes. As an initial matter, Plaintiffs respond that Defendant has waived this argument because paragraph 1 of his answer "admits the allegations in paragraphs numbered 1-8 in Plaintiffs' Complaint" (Doc. 7, p. 1), and paragraph 8 of Plaintiffs' complaint alleges venue is proper in this Court. Federal Rule of Civil Procedure 8 controls pleading, and mandates that "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). In addition to his general admission of 8 paragraphs of the complaint, one of which includes an allegation that venue is proper in this Court, Defendant specifically raises Federal Rule of Civil Procedure 12(b)(3) in paragraph 9 of his answer. (Doc. 7, p. 3). Rule 12(b)(3) allows for a motion to dismiss on the basis of improper venue.

It is a broadly applied canon of legal construction that the specific governs over the general. *See, e.g.*, *United States v. Lara*, 690 F.3d 1079, 1082–83 (8th Cir. 2012) (applying contract

1

interpretation principle that specific provisions control general provisions to ambiguity in plea agreement); *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 791 (8th Cir. 2006) (applying canons of statutory construction to find that specific Arkansas venue statute controls over general Arkansas venue statute). Though Defendant's answer perhaps could have been more clearly drafted, he specifically asserts that venue is improper, and if the Court is to construe the pleading so as to do justice, this specific assertion that venue is improper should control over his general admission that venue is proper. He has not waived his *forum non conveniens* argument.

Turning to the merits of the motion to dismiss, the Court notes that Defendant raises the forum selection clause in the contract at issue here as the basis for his motion. The parties to the contract here agreed: "This Agreement shall be interpreted, construed and enforced pursuant to and in accordance with the laws of the State of Arkansas. Logan County, Arkansas shall be the sole and exclusive venue for any Dispute, special proceeding, or any other proceeding between the parties that may arise out of, in connection with, or by reason of this Agreement." (Doc. 2-2, p. 19). The Court has recently determined that a substantively identical venue provision in a contract between these same Plaintiffs and another resident in their nursing care facilities imposed not only geographical limitations but jurisdictional limitations on resolution of their disputes. *See Northport Health Servs. of Ark., LLC v. Ellis*, No. 2:20-CV-02021, Doc. 29 (W.D. Ark. Apr. 10, 2020). Defendant cites that decision in support of his motion here. All parties being familiar with the opinion and order in *Ellis*, the Court sees no need to reiterate it here, and instead incorporates that analysis by reference. The venue selection language being substantively identical in this case and that, the Court sees no reason the results should not also be substantively identical.

The Court adds that the reasoning that applied in *Ellis* applies more strongly in this case. Unlike *Ellis*, in which the parties entered "Sebastian" in the blank space of their form contract

(giving rise to a possible ambiguity with respect to whether the parties intended to agree to a jurisdictional limitation, or only a geographical limitation, because this Court sits in Sebastian County), the parties here selected courts in Logan County, Arkansas as the exclusive forum. This Court does not sit in Logan County. It is even clearer in this case than it was in *Ellis* that the parties intended their forum selection to limit not only geographical venue but jurisdictional venue to Arkansas state courts in Logan County, Arkansas.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (Doc. 11) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE to its refiling in the forum agreed to by the parties. Judgment will be entered accordingly.

IT IS SO ORDERED this 27th day of May, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE